# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN M. HACKER** <br> 318 N. Post Road <br> Princeton Junction, NJ 08550 <br> *Plaintiff,* <br><br> v. <br><br> **ERNST & YOUNG, LLP** <br> 2005 Market Street, Suite 4000 <br> Philadelphia, PA 19103 <br><br> *Defendant.* | Civil Action No. <br><br> 19   350 <br><br> FILED <br> JAN 23 2019 <br> KATE BARKMAN, Clerk <br> By_____ Dep. Clerk <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Kevin M. Hacker., by and through his undersigned counsel, brings this action against Defendant, Ernst & Young, LLP, and avers as follows:

### I. INTRODUCTION

1. This action results from Ernst and Young's ("EY") discrimination against Kevin Hacker based on his age.

2. Mr. Hacker was a valued and successful employee at EY for approximately thirty years.

3. During his three decades at EY, Mr. Hacker was consistently praised, promoted, and nominated for prestigious awards.

4. When Mr. Hacker was in his fifties, his supervisors initiated a series of discriminatory comments and actions unambiguously based on Mr. Hacker's age, in an attempt to pressure Mr. Hacker into retirement.

5. In fact, one of the supervisors suggested that he "exit [EY] gracefully" and another of these supervisors *admitted* to preferential treatment of younger employees.

6. As a result, Mr. Hacker complained about his supervisor's discrimination against Hacker in favor of younger employees.

7. Shortly after that complaint, Mr. Hacker was given his first ever negative performance review.

8. Only five months after his first negative performance review, Mr. Hacker was terminated.

9. EY's actions evidence a clear pattern of age discrimination against Mr. Hacker and have substantially damaged Mr. Hacker.

## II. PARTIES

10. Plaintiff, Kevin Hacker is an adult individual who resides at 318 N. Post Road, Princeton Junction, New Jersey, 08550.

11. Defendant, Ernst & Young, LLP is a limited liability general partnership with a registered business address of 2001 Market Street, Suite 4000, Philadelphia, PA 19103.

12. Defendant, EY, is vicariously liable or otherwise responsible for the unlawful, discriminatory acts and/or omissions of its agents, ostensible agents, servants, workmen, and/or employees, including, but not limited to Michael Schoonmaker, Adam Berk, and Jeff Akin.

## III. JURISDICTION AND VENUE

13. This action arises under of The Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1343(e) and 42 U.S.C. §2000(e)-(f), and the principles of supplemental jurisdiction under 28 U.S.C. §1367.

14. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to the claims occurred in this district, and the Defendant may be found in this district.

## FACTS

15. Plaintiff, Kevin M. Hacker, is a fifty-six (56) year old former employee and Principal of EY.

16. At all times prior to EY's discriminatory conduct, Mr. Hacker was a valued member of the EY team, and an accomplished professional with a sterling reputation.

17. Hacker was hired by EY on May 4, 1987 as a Senior Consultant.

18. Throughout the first three decades of his employment with EY, Mr. Hacker's performance reviews were positive, and he was consistently promoted, given raises and praised for his tutelage, hard work and dedication.

19. Mr. Hacker's promotions throughout his career demonstrate his high-quality performance as an employee.

20. Throughout his thirty-year career, Mr. Hacker was promoted to Manager, then Senior Manager, and finally promoted to a Principal of EY.

21. Mr. Hacker's last position at EY was the national leader of the domestic actuarial audit support function.

3

...

22. Further, Mr. Hacker was the recipient of many awards and achievements, including the selective Inclusive Leadership award.

23. EY communicated to Mr. Hacker that, as national leader of the domestic actuarial audit support function, his role was to provide quality support to the audit teams' consideration of defined benefit plan actuarial matters.

24. In this role, Mr. Hacker consistently received glowing reviews from his colleagues for his contributions to actuarial support, workplace attitudes, and EY in general.

25. Mr. Hacker developed the "Obligation Reasonableness" service, which generated and continues to generate significant revenue for EY, and further developed the "Measurement Strategy" service which has the same or greater revenue potential.

26. Despite Mr. Hacker's significant contributions to EY's revenue and services, he was terminated because of his age.

27. In 2015, when Mr. Hacker was 52 years old, his supervisor, Adam Berk ("Berk"), began to deny Hacker opportunities for advancement at work that were provided instead to younger employees.

28. Berk simultaneously began to push Mr. Hacker to retire.

29. In response, Mr. Hacker made it clear that had no plans to retire. Despite Mr. Hacker's response, Berk continued to pressure Mr. Hacker about his retirement plans.

30. Berk's behavior toward Mr. Hacker continued to escalate over the next year.

31. Berk began purposefully excluding Mr. Hacker from business calls where Mr. Hacker would normally have been a key participant.

32. When Mr. Hacker did participate in meetings along with younger associates, Berk would treat him and his professional contributions to EY with contempt and condescension.

33. When Mr. Hacker complained to Berk that Berk was favoring younger employees over Hacker, Berk responded that he *was in fact favoring younger associates* over Mr. Hacker in order to "build their book and status." See **Exhibit "B."**

34. Berk was providing preferential treatment to the younger employees so they could increase their business, while at the same time he was criticizing Mr. Hacker for not expanding his own book of business.

35. On March 25, 2016, Mr. Hacker forwarded Berk's message referencing an age preference to one of Berk's superiors, Jeffrey Akin ("Akin").

36. In his message to Akin, Mr. Hacker asked why "age" was a factor in Berk's decisions. See **Exhibit "B."**

37. In July 2016, four months after Mr. Hacker complained to Akin about discriminatory treatment, he received his first performance review since making his complaint about Berk's discriminatory conduct. The performance review was delivered by Akin.

38. The review was the first overall negative review he had received in almost thirty years at EY.

39. Five months after the negative evaluation, Mike Schoonmaker, one of Mr. Hacker's supervisors and a member of the People Advisory Services practice, told Mr. Hacker to find a new job and "exit gracefully" from EY.

40. Mr. Hacker was terminated on May 5, 2017.

41. Mr. Hacker's age was a motivating and determinative factor in his termination.

42. At the time of his termination, Mr. Hacker was ready, willing and able to continue to perform all tasks and thrive with EY, had he been allowed to continue to work at his position.

43. On no occasion leading up to his termination did Mr. Hacker miss any work time due to his own illness or that of his family.

44. Mr. Hacker's personal life has been disrupted, and he has experienced anxiety and depression as a direct result of his 30 years of service being discarded based on his age and his decision to protest Berk's discriminatory conduct.

45. Hacker is timely filing this Complaint in accordance with his Right to Sue, issued by the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Committee and attached as **Exhibit "A."**

## COUNT I
## ADEA: DISCRIMINATION
### (PLAINTIFF V. ALL DEFENDANTS)

46. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

47. Defendant, by the discriminatory acts set forth herein, have violated the ADEA.

48. Defendant's violations were intentional and willful under the circumstances and warrant the imposition of liquidated damages.

49. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages and losses set forth herein.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and unlawful acts unless and until the Court grants the relief requested herein.

## COUNT II
## PHRA: DISCRIMINATION
### (PLAINTIFF V. ALL DEFENDANTS)

51. Plaintiff incorporates the preceding paragraphs as if set forth herein in their entirety.

52. Defendant violated the PHRA by discriminating against Plaintiff.

53. Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein.

54. Defendant's wrongful actions were especially egregious, warranting the imposition of punitive damages.

55. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered the damages and losses set forth herein.

56. Plaintiff is now suffering and will continue to suffer irreparable injury as a result of Defendant's discriminatory and unlawful act unless and until this Court grants the relief requested herein.

## COUNT III
## ADEA: RETALIATION
### (PLAINTIFF V. ALL DEFENDANTS)

57. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

58. Plaintiff engaged in protected activity by opposing unlawful age-based discrimination against him. *See Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015) (finding "informal protests of discriminatory employment practices, including making complaints to management" to be protected activity).

7

59. Defendant violated the ADEA by discharging Plaintiff based on his involvement in a protected activity.

60. As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has sustained the injuries, damages and losses set forth herein.

61. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

## COUNT IV
## PHRA: RETALIATION
## (PLAINTIFF V. ALL DEFENDANTS)

1. Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

2. Plaintiff engaged in protected activity by opposing unlawful age-based discrimination against him. *See Daniels v. Sch. Dist. of Philadelphia,* 776 F.3d 181, 193 (3d Cir. 2015) (finding "informal protests of discriminatory employment practices, including making complaints to management" to be protected activity).

3. Defendant violated the PHRA by discharging Plaintiff based on his involvement in a protected activity.

4. As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages and losses set forth herein.

5. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's retaliatory and unlawful acts unless and until the Court grants the relief requested herein.

8

## DEMAND FOR JURY TRIAL

6. Mr. Hacker demands a jury trial on all counts of this Complaint.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff Kevin Hacker, and against Defendant, Ernst & Young by:

    a.    ordering Defendant to reinstate Mr. Hacker to the position he would have had if he had not been unlawfully discriminated against, together with all compensation, benefits, and job opportunities incident thereto;

    b.    declaring the acts and practices complained of herein to be a violation of the ADEA;

    c.    declaring the acts and practices complained of herein to be a violation of the PHRA;

    d.    enjoining and restraining permanently the violations alleged herein;

    e.    awarding damages to Plaintiff for the past and future economic losses that he has suffered;

    f.    awarding compensatory damages to Plaintiff for past and future emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

    g.    awarding liquidates damages to Plaintiff pursuant to the ADEA;

    h.    awarding Plaintiff punitive damages pursuant to the PHRA;

    i.    awarding Plaintiff, the cost of this action, together with reasonable attorney's fees; and

j.  awarding Plaintiff such other damages as are appropriate under the ADEA, the PHRA and federal and state law; and granting such other and further relief as this Court deems appropriate.

DATED: January 22, 2019       By:   BOCHETTO AND LENTZ, P.C.

*[signature]*

Bryan R. Lentz, Esq.
BOCHETTO & LENTZ, P.C.
1524 Locust Street
Philadelphia, PA  19102
215-735-3900
I.D.# 71383
blentz@bochettoandlentz.com

# EXHIBIT "A"

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Kevin Hacker<br>318 N Post Rd<br>Princeton Junction, NJ 08550 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2017-02878 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge

[ ] The EEOC is terminating its processing of this charge

[ ] The EEOC will continue to process this charge

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*
Jamie R. Williamson,
District Director

10/30/18
*(Date Mailed)*

Enclosures(s)

cc: Peter J. Cahill
Assoc General Counsel
EY LLP
5 Times Square
New York, NY 10036

Bryan R. Lentz, Esq.
BOCHETTO & LENTZ
1524 Locust St
Philadelphia, PA 19102

Enclosure with EEOC
Form 161-B (11/16)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below )*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice Therefore, you should **keep a record of this date** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later

Your lawsuit may be filed in U S District Court or a State court of competent jurisdiction (Usually, the appropriate State court is the general civil trial court ) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney Filing this Notice is not enough You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief Courts often require that a copy of your charge must be attached to the complaint you file in court If so, you should remove your birth date from the charge Some courts will not accept your complaint where the charge includes a date of birth Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment. back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008 This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U S District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer Requests for such assistance must be made to the U S District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney) Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U S District Court can hear your case If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice) While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice** (Before filing suit, any request should be made within the next 90 days )

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT "B"



REDACTED

---

**From:** Kevin M Hacker
**Sent:** Friday, March 25, 2016 10:39 AM
**To:** Jeffrey A Akin
**Subject:** for the record...

Hi Jeff.

I'm not asking you to do or say anything. I just wanted this exchange to go *somewhere* (a wise predecessor used to say "gripe upward"). As for the original send, I decided against openly copying you, Mike and Joe as I chose to consider it a mere strike two.

I guess the rationale is a little troubling – yes I may be seen to have a large book but it doesn't help me in real ways. So why favor age?

Thank you for listening!

Regards,
Kevin


**Kevin M. Hacker** | Principal | People Advisory Services

Ernst & Young LLP
Office +1 215 448 5726 | kevin.hacker@ey.com

**From:** Adam S Berk
**Sent:** Thursday, March 24, 2016 8:16 AM
**To:** Kevin M Hacker
**Subject:** RE: Yesterday's Actuarial Leaders' Call

Hi Kevin.

Did not mean to show a lack of respect yesterday. I am very much trying to push things to Diane (and Sheva). Building the book and status of some of our younger partners is a high priority for me. I'll call you later.

Adam


Adam Berk
Cell: 713 398 3072

---

1